IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTY LADELL BROOKS-GAGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-840-D |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks to "[a]ppeal" his Oklahoma conviction for first degree murder for which he received a life without parole sentence "because [he] is an innocent man." *See* Doc. 1, at 1 & Att. 1. The petition, construed as a writ of habeas corpus under 28 U.S.C. § 2254, was referred by Chief United States District Judge Timothy D. DeGiusti to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 3.

Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition and, for the following reasons, recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

I.    **Analysis.**

The jurisdiction of Federal courts to grant writs of habeas corpus is governed by 28 U.S.C. § 2241(a):

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge *within their respective jurisdictions*. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(emphasis added). 28 U.S.C. § 2241(d) creates a narrow exception to this rule for § 2254 habeas actions challenging a state court conviction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Here, Petitioner challenges his state court conviction obtained in the District Court of Pontotoc County, Case No. CF-2006-433. *See* Doc. 1, Att. 1. Pontotoc County is located within the territorial jurisdiction of the Eastern District of

2

Oklahoma. *See* 28 U.S.C. § 116(a). Petitioner is, however, currently confined in Payne County's Cimarron Correctional Facility, *see* Doc. 1, at 1-2, which is located within the territorial jurisdiction of the Western District of Oklahoma.[1] *See* 28 U.S.C. § 116(c).

Under these circumstances, both federal district courts have jurisdiction to entertain this habeas corpus petition, *see* 28 U.S.C. § 2241(d), and this Court may, in its discretion and the interest of justice, "transfer the application to the other district court for hearing and determination." *Id.*

It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained, since that is where the trial court officials and records are located. Moreover, in the event of any hearing, trial counsel for the prosecution and for Petitioner as well as any necessary witnesses are more likely to be available in the district where the conviction was obtained. For these reasons, the federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction.

---

[1]     The undersigned judicially notices the location of Cushing, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

II.   Recommendation and notice of right to object.

Based on these considerations, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

The undersigned advises Petitioner that he may file an objection to this Report and Recommendation with the Clerk of Court **by October 3, 2019**. The undersigned further advises Petitioner that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F. 2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma at the following address: fhc.docket@oag.of.gov.

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of September, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE