**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

**SCOTTY LADELL BROOKS-GAGE,**

      **Petitioner,**

**v.**                                                                    **Case No. 19-CV-347-JFH-KEW**

**JIMMY MARTIN,**

      **Respondent.**

<u>**OPINION AND ORDER**</u>

This action is before the Court on Respondent's motion to dismiss [Dkt. No. 20] Petitioner's amended petition for a writ of habeas corpus [Dkt. No. 10] as barred by the statute of limitations. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at North Fork Correctional Center in Sayre, Oklahoma. He is attacking his conviction and sentence in Pontotoc District Court Case No. CF-2006-433 for First Degree Murder.

**Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) ("AEDPA"):

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**Statutory Tolling**

The record shows that on October 19, 2007, Petitioner entered an *Alford* plea [Dkt. No. 21-2], and his Judgment and Sentence was entered on October 25, 2007 [Dkt. No. 21-1].  After he was granted an appeal out of time, the Oklahoma Court of Criminal Appeals ("OCCA") denied certiorari on February 25, 2009, in Case No. C-2008-609 [Dkt. No. 21-3].  Because he did not appeal to the United States Supreme Court, Petitioner's conviction became final 90 days later, on May 26, 2009.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that the AEDPA's one-year limitation period is tolled during 90-day period in which the petitioner could seek further review in U.S. Supreme Court, regardless of whether petitioner actually seeks review).  The statutory year began to run the next day on May 27, 2009 and absent statutory or equitable tolling it expired on May 27, 2010.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed

application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed his first application for post-conviction relief in the state district court on April 16, 2009, before the limitation period began [Dkt. No. 21-4], and the application was denied on August 10, 2010 [Dkt. No. 21-5]. Thus, the one-year limitation period was tolled from May 27, 2009, through August 10, 2010. *See Vickers v. Bear*, No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (unpublished) (noting that post-conviction application filed before conviction was final "had no tolling effect until . . . the first day of the statutory year").

Under Oklahoma law, Petitioner had 30 additional days of statutory tolling from August 10, 2010, through September 9, 2010, to file a timely notice of post-conviction appeal and 30 days to perfect a post-conviction appeal. *See* Okla. Stat. tit. 22, § 1087; *Loftis v. Chrisman*, 812 F.3d 1268, 1270-71 (2016). He, however, did not appeal the state district court's denial of his first post-conviction application to the OCCA. "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

Thus, on September 9, 2010, he still had 365 days available in his statutory year, making his filing deadline September 9, 2011. The petition, however, was filed on September 11, 2019 [Dkt. No. 1], more than eight years after the limitation period had expired. [Dkt. No. 1].

On March 18, 2016, Petitioner filed a second application for post-conviction relief [Dkt. No. 21-6], which the district court denied on June 6, 2016 [Dkt. No. 21-7]. Petitioner appealed the denied on June 27, 2016 [Dkt. No. 21-8], and the OCCA granted Petitioner's motion to dismiss the appeal on August 12, 2016, in Case No. PC 2016-0556 [Dkt. No. 21-9].

3

On June 14, 2017, Petitioner filed in the state district court another application for post-conviction relief, requesting an appeal out of time [Dkt. No. 21-10], which was denied on July 26, 2017 [Dkt. No. 21-11].  On March 21, 2018, Petitioner filed an "application for out-of-time post-conviction relief," seeking an appeal out of time [Dkt. No. 21-12].  The state district court denied relief, finding that Petitioner's appeal of the district court's order was filed with the OCCA on June 27, 2016, and the OCCA had dismissed the post-conviction appeal on August 12, 2016 [Dkt. No. 21-13].  Petitioner appealed the state district court's ruling to the OCCA [Dkt. No. 21-14], and on August 30, 2019, the OCCA affirmed the denial of post-conviction relief in Case No. PC 2019-148 [Dkt. No. 21-15].

Because Petitioner did not initiate his second and subsequent post-conviction proceedings until the limitation period had expired, the Court finds there can be no statutory tolling.  *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

**Equitable Tolling**

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

While Petitioner's petition makes no argument for equitable tolling, an attachment to the amended petition alleges he is actually innocent of the crime and "the preliminary hearing transcript is devoid of any evidence of this guilt . . . ."  [Dkt. No. 10 at 27].  He also alleged actual innocence because of alleged voluntary intoxication in his first post-conviction application, in the

4

context of ineffective assistance of appellate counsel [Dkt. No. 21-4 at 5]. He again raised actual innocence in his second post-conviction application, filed on March 18, 2016 [Dkt. No. 21-6 at 6-13]. He also raised an actual innocence claim in his appeal of the district court's denial of his application for an appeal out of time [Dkt. No. 21-14 at 3]. The OCCA, however, found "there is no evidence in the record in this case that indicates anyone, other than Petitioner, killed the victim" [Dkt. No. 21-15 at 3].

Actual innocence can serve as a gateway past the § 2244(d) limitations period. "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citation omitted). A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence-- whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, the Court finds Petitioner has failed to meet this burden, and the amended petition consequently is barred by the statute of limitations.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

THEREFORE, Respondent's motion to dismiss time-barred petition [Dkt. No. 20] is **GRANTED**, and this action is, in all respects, **DISMISSED**.  Furthermore, Petitioner is **DENIED** a certificate of appealability.

**IT IS SO ORDERED** this 26th day of February 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE